UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA MARIE VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | NO. EDCV 16-1810 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on August 23, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 10, 12.) On June 1, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.
# PROCEDURAL BACKGROUND

In January 2013, Valdez filed applications for disability insurance benefits and supplemental security income alleging an onset date of November 17, 2010. Administrative Record ("AR") 9. The applications were denied initially and on reconsideration. AR 9, 64-65, 92-93. Valdez requested a hearing before an Administrative Law Judge ("ALJ"). On January 7, 2015, the ALJ conducted a hearing at which Valdez and a vocational expert ("VE") testified. AR 22-41. On April 10, 2015, the ALJ issued a decision denying benefits. AR 6-17. On July 13, 2016, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Valdez met the insured status requirements through December 31, 2015. AR 11. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Valdez had the severe impairments of obesity; diabetes mellitus; neuropathy and chronic kidney disease. AR 11. She did not meet or equal a listing. AR 14. She had the residual functional capacity ("RFC") to perform medium work except that she could lift/carry 50 pounds occasionally and 25 pounds frequently; and sit, stand and/or walk six hours in an eight-hour workday. She must avoid jobs requiring good binocular vision and, as a safety precaution, must avoid work at unprotected heights or around dangerous unguarded moving machinery. AR 14. She was capable of performing past relevant work as a companion, as actually and generally performed. AR 17.

## C. Listing 12.05C

The sole issue raised by Valdez is her contention that the ALJ erred by

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

failing to find that she met or equaled Listing 12.05C at the third step of the sequential analysis. Valdez does not challenge the ALJ's findings at the fourth step.

At step three of the sequential analysis, the claimant bears the burden of demonstrating that her impairments are equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (quoting 20 C.F.R. § 416.925(a)) (emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (emphasis in original). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The Ninth Circuit has summarized the three main components of listing 12.05C: "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013).

4

Listing 12.05 requires evidence of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.05. The required level of severity is satisfied when subparagraph A, B, C or D is met. *Id*. Subparagraph C requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* "In cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." *Id.* § 12.00(D)(6)(c).

The ALJ found that Valdez had a full-scale IQ score of 70. AR 12. Accordingly, she satisfies the second element of Listing 12.05C. *Kennedy*, 738 F.3d at 1176; *see also Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1057-58 (C.D. Cal. 2010) ("Section 12.05 does not require a diagnosis or finding of 'mental retardation,' but relies instead on valid IQs in conjunction with other evidence to establish 'subaverage general intellectual functioning.'").

However, Valdez does not cite any evidence to support the existence of the first element, subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22. Valdez testified that she completed high school and vocational school to be a medical assistant. AR 27. Valdez reported average grades in high school and denied any special education. AR 324. The psychologist who administered the tests opined that Valdez's poor vision negatively impacted her ability on nonverbal tasks. Therefore, the "test results appear to be a slight underestimation of the claimant's functional level at this time."[2] AR 327. There is no evidence in the record that would permit an

---

[2] There is no indication in the record that Valdez's vision problems themselves date back before age 22. On the contrary, the vision problem relates to cataracts and recent complications from diabetes. AR 36.

inference that the impairment began before age 22.  *See Gomez*, 695 F. Supp. 2d at 1061 (record must contain some evidence permitting inference that impairment existed before age 22 and is not of later origin due to disease, traumatic event or other changed circumstance).

Because Valdez does not equal each criterion of Listing 12.05C, the ALJ did not err.  *Kennedy*, 738 F.3d at 1176 (requiring claimant "to equal each criterion of Listing 12.05C rather than relying on overall functional impact").

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  June 9, 2017

*/s/ Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge